Filed 7/15/25  In re S.A. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re S.A. et al., Persons Coming Under the Juvenile Court Law. | B339810 (Los Angeles County Super. Ct. No. 18LJJP00589C, E) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> R.C., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tamara E. Hall, Judge.  Affirmed.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Brian Mahler, Deputy County Counsel, for Plaintiff and Respondent.

---

## I. INTRODUCTION

Father R.C. (father) appeals from an order terminating dependency jurisdiction and placing the children S.A. (born in 2018) and N.A. (born in 2017) in the sole custody of the children's mother C.A. (mother).[1]  Father's only argument on appeal is that the juvenile court's implied finding, that the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Cal-ICWA; Welf. & Inst. Code[2], § 224 et seq.) did not apply, is not supported by substantial evidence.  We affirm.

## II. BACKGROUND

### A. *Detention and Jurisdiction*

On October 26, 2020, the Los Angeles County Department of Children and Family Services (Department) filed a dependency

---

[1]  Mother is not a party to this appeal.

[2]  Further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

petition pursuant to section 300, subdivisions (a) and (b)(1), alleging that S.A. was at substantial risk of serious physical harm. The juvenile court ordered S.A. detained and placed in mother's home.

On October 29, 2020, mother filed an ICWA-020 form denying Indian ancestry.

On November 9, 2020, father, through counsel, indicated that he may have "Blackfoot Nation" heritage. The juvenile court ordered the Department to provide notice to that tribe, the Bureau of Indian Affairs, and the Secretary of the Interior.

On December 30, 2020, the Department filed a jurisdiction and disposition report. The Department noted that it had contacted mother, who denied that father had any Indian ancestry. The Department also mailed ICWA forms to father.

On January 4, 2021, the Department filed a section 300 petition for N.A. S.A. and N.A. were detained from mother and placed with a foster family.

On January 6, 2021, mother submitted an ICWA-020 for N.A., stating that she had no Indian ancestry.

On January 26, 2021, the Department sent a notice of child custody proceeding for Indian child regarding S.A. to, among others, the Blackfeet Tribe of Montana.

On March 24, 2021, mother entered a no contest plea to certain counts of an amended section 300 petition.

On March 26, 2021, the juvenile court sustained amended counts to an amended section 300 petition that alleged father had placed the children at risk of serious physical harm. On that same date, father filed an ICWA-020 form for N.A., in which he declared that he had no Indian ancestry. The court ordered that the children be removed from father's custody and placed in

mother's home under the Department's supervision. The court found that ICWA did not apply.

On May 23, 2022, the Department filed section 342 and section 387 petitions for the children, alleging that they needed to be removed from mother's custody because she engaged in substance abuse while the children were under her care. On July 13, 2022, mother pled no contest to the allegation. On July 13, 2022, the juvenile court sustained the section 342 petition, and, on July 15, 2022, removed the children from mother's custody and granted family reunification services for the parents.

On May 4, 2023, father told a social worker that he was planning to move back to Washington. Father added that "his support system consist[s] of his father, and two aunties."

In November 2023, mother filed two section 388 petitions, requesting that the children be returned to her physical custody. On December 4, 2023, the juvenile court granted mother's petition and placed the children in mother's custody.

On July 10, 2024, the juvenile court held a section 364 hearing. The Department requested termination of dependency jurisdiction, with an order granting sole physical custody to mother, joint legal custody to father and mother, and monitored visitation for father. Mother's counsel agreed that jurisdiction should be terminated but requested that mother receive sole physical and legal custody. Father's counsel argued that the paternity findings should be rescinded, asserting that he never requested to be found the presumed father of the children.

Following argument, the juvenile court terminated dependency jurisdiction, which it stayed pending receipt of the custody orders, granted mother sole physical and legal custody of

the children, and ordered father to receive monitored visitation. The court denied father's request to rescind the paternity findings because father had not submitted a properly-noticed petition.

On July 29, 2024, the juvenile court, after receiving the custody orders, lifted the stay, terminated jurisdiction, and awarded mother sole physical and legal custody. Father timely appealed.[3]

## III.   DISCUSSION

Father contends the juvenile court's implied finding that ICWA did not apply is not supported by substantial evidence because the Department failed to inquire of two maternal aunts and paternal grandfather as to whether the children might be Indian children. We conclude that ICWA and Cal-ICWA do not apply to the order on appeal.

"Although ICWA empowers an Indian child's tribe to intervene in any 'Indian child custody proceeding,' (§§ 224, subd. (b), 224.4; see 25 U.S.C. § 1911(c)), it is not implicated in every dependency case in which the child may have some degree of Native American heritage." (*In re A.T.* (2021) 63 Cal.App.5th 267, 274, fn. omitted.) "Notice to the tribes and other ICWA procedures must be provided only if the case is a 'child custody

---

[3]   In his notice of appeal, father asserted that he was contesting the juvenile court's order refusing to rescind the paternity findings. Because father makes no argument regarding this issue on appeal, the argument is waived. (See *In re Mary C.* (2020) 48 Cal.App.5th 793, 809.)

proceeding,' as defined in 25 United States Code section 1903(1)."
(*In re W.B.* (2012) 55 Cal.4th 30, 57–58.)

Under Cal-ICWA, a " 'child custody proceeding' " is "a hearing . . . during a juvenile court proceeding . . . involving an Indian child . . . that may culminate in one of the following outcomes:  [¶]  (A) Foster care placement[;]  [¶]  (B) Termination of parental rights[;]  [¶]  (C) Preadoptive placement[;]  [¶] (D) Adoptive placement[.]"  (§ 224.1, subd. (d)(1); see 25 U.S.C. § 1903(1) [same].)  "Foster care placement" includes "removal of an Indian child from their parent . . . for placement in a foster home, institution, [or] the home of a guardian . . ., or anyone *other than one of the child's parents*, . . . in which the parent . . . may not have the child returned upon demand, but in which parental rights have not been terminated."  (§ 224.1, subd. (d)(1)(A), italics added.)  Where there is reason to know that an Indian child is involved, ICWA notice must "be provided for hearings that may culminate in an order for foster care placement, termination of parental rights, preadoptive placement, or adoptive placement . . . ."  (§ 224.3, subd. (a).) Additionally, "[w]henever an Indian child is removed from a foster care home or institution, guardianship, or adoptive placement for the purpose of further foster care, guardianship, or adoptive placement, placement of the child shall be in accordance with [ICWA]."  (§ 224, subd. (d).)

The juvenile court order terminating jurisdiction did not culminate in adoption, preadoption placement, termination of parental rights, or foster care.  ICWA and Cal-ICWA therefore do not apply to these proceedings.  (See *In re J.B.* (2009) 178 Cal.App.4th 751, 759 [finding ICWA did not apply to placement of an Indian child with a parent:  "ICWA expressly focuses on the

6

removal of Indian children from their *homes and parents*, and placement in *foster or adoptive homes*"]; accord, *In re M.R.* (2017) 7 Cal.App.5th 886, 904–905.)

Father nonetheless contends that "even if jurisdiction has terminated, a reversal on ICWA grounds is appropriate" and cites *In re T.R.* (2024) 107 Cal.App.5th 206, 220–221, in support. *In re T.R., supra*, is inapposite. The mother in that case appealed from the juvenile court's jurisdictional findings and dispositional order removing her son from her custody on the grounds that the Department and juvenile court had failed to comply with their duties of inquiry under ICWA and Cal-ICWA. (*Id.* at p. 211.) The court of appeal concluded that mother's appeal was not moot even though, while the appeal was pending, the juvenile court issued an order terminating jurisdiction and selected legal guardianship as the permanent placement plan. (*Id.* at pp. 212–213.) The appellate court reasoned: "Under the plain language of section 366.4, subdivision (a), [the child] remains 'within the jurisdiction of the juvenile court' as a ward of the legal guardianship, notwithstanding the court's order terminating dependency jurisdiction. As such, the juvenile court has a duty to ensure compliance with ICWA. [Citations.]" (*Id.* at p. 215; see also § 224.1, subd. (d)(1)(A) [guardianship is "foster care placement" to which ICWA and Cal-ICWA apply].) Here, by contrast, father appeals from the juvenile court's order terminating jurisdiction and granting mother sole legal and physical custody of the children. Because the children remain in the custody of a parent, ICWA and Cal-ICWA do not apply. We therefore reject father's contentions of error.

## IV.   DISPOSITION

The order terminating jurisdiction is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

I concur:

HOFFSTADT, P. J.

In re S.A. et al.
B339810


BAKER, J., Concurring



I concur the order under review should be affirmed.  (See, e.g., *In re J.W.* (2022) 81 Cal.App.5th 384, 390–391.)



BAKER, J.